IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


REUBEN B. PREVOT,                    )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )        Case No. 06-1149-MLB
                                     )
MICHAEL J. ASTRUE,[1]                )
Commissioner of                     )
Social Security,                     )
                                     )
                    Defendant.       )
_____)


RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits.  The matter has been fully briefed by the
parties and has been referred to this court for a recommendation
and report.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner

_____

     [1]On February 12, 2007, Michael J. Astrue was sworn in as the
Commissioner of Social Security.  In accordance with Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J.
Astrue is substituted for Commissioner Jo Anne B. Barnhart as the
defendant.  In accordance with the last sentence of 42 U.S.C. §
405(g), no further action is necessary.

as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be

2

determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does

3

not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

## II.  History of case

Plaintiff filed an application for disability insurance

4

benefits on January 20, 1999, alleging disability beginning June 17, 1997 (R. at 243-45).  In a decision dated November 22, 1999, administrative law judge (ALJ) James S. Stubbs found that plaintiff was not disabled (R. at 122-130).

On August 31, 2000, plaintiff filed a 2nd application for disability insurance benefits (R. at 250-52).  In February 2001, plaintiff was found disabled as of November 23, 1999 (R. at 190-192).  An earlier onset date could not be established because of the previous ALJ decision finding plaintiff not disabled on November 22, 1999 (R. at 190).  On May 4, 2004, the Appeals Council set aside the disability determination, consolidated the two claims, and remanded the case for further hearing (R. at 139-142).

On March 30, 2005, ALJ George M. Bock issued his decision in the case (R. at 23-54).  In his decision, the ALJ found that plaintiff could not perform past relevant work at step four, but found at step five that plaintiff could perform work that exists in significant numbers in the national economy.  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 52).  On March 28, 2006, the Appeals Council denied plaintiff's request for review (R. at 12).

On May 26, 2006, plaintiff filed his complaint in this court requesting judicial review of the agency decision (Doc. 1).  On January 9, 2007, plaintiff filed his brief in this case (Doc.

17).  On March 21, 2007, the defendant filed a motion to reverse
the decision of the Commissioner, and to remand for further
consideration of plaintiff's claims (Doc. 24-25).  Defendant
states in their motion that, upon remand, the ALJ should be
directed to "properly evaluate all of Plaintiff's mental health
treatment and opinion evidence, including the new evidence from
Dr. Schell.  In addition, the ALJ will re-evaluate Plaintiff's
residual functional capacity and obtain supplemental vocational
expert evidence if necessary" (Doc. 25 at 1-2).  Plaintiff filed
a response on April 18, 2007 conceding that it is appropriate to
remand this case for consideration of new and material evidence.
However, plaintiff also states that there were numerous errors
cited by plaintiff in his brief about which the defendant should
be properly instructed so that it does not repeat these errors on
remand (Doc. 28 at 1).

**III.  Upon remand, what issues need to be addressed by the ALJ?**

     In his decision, the ALJ found at step two that plaintiff
did not have a severe mental disorder (R. at 37).  The burden of
proof at step two is on the plaintiff.  <u>See</u> <u>Nielson v. Sullivan</u>,
992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the
burden of proof through step four of the analysis).  A claimant's
showing at step two that he or she has a severe impairment has
been described as "de minimis."  <u>Hawkins v. Chater</u>, 113 F.3d
1162, 1169 (10th Cir. 1997); <u>see</u> <u>Williams v. Bowen</u>, 844 F.2d 748,

751 (10th Cir. 1988)("de minimis showing of medical severity").
A claimant need only be able to show at this level that the
impairment would have more than a minimal effect on his or her
ability to do basic work activities.[2] <u>Williams</u>, 844 F.2d at 751.
However, the claimant must show more than the mere presence of a
condition or ailment.  If the medical severity of a claimant's
impairments is so slight that the impairments could not interfere
with or have a serious impact on the claimant's ability to do
basic work activities, the impairments do not prevent the
claimant from engaging in substantial work activity.  Thus, at
step two, the ALJ looks at the claimant's impairment or
combination of impairments only and determines the impact the
impairment would have on his or her ability to work.  <u>Hinkle v.
Apfel</u>, 132 F.3d 1349, 1352 (10th Cir. 1997).

     A claimant must provide medical evidence that he or she had
an impairment and how severe it was during the time the claimant
alleges they were disabled.  20 C.F.R. § 404.1512(c),
§ 416.912(c).  The evidence that a claimant has an impairment

---

     [2]Basic work activities are "abilities and aptitudes
necessary to do most jobs," 20 C.F.R. § 404.1521(b)[416.921(b)],
including "walking, standing, sitting, lifting, pushing, pulling,
reaching, carrying or handling; seeing, hearing, and speaking;
understanding, carrying out, and remembering simple instructions;
use of judgement, responding appropriately to supervision,
coworkers, and usual work situations; and dealing with changes in
a routine work setting." Social Security Ruling 85-28, 1985 WL
56856 at *3.  <u>Langley v. Barnhart</u>, 373 F.3d 1116, 1123 (10th Cir.
2004).

must come from acceptable medical sources including licensed
physicians or psychologists.  20 C.F.R. § 404.1513(a),
§ 416.913(a).  Evidence from other medical sources, including
therapists, nurse-practitioners, and physicians' assistants, may
be used to show the severity of an impairment and how it affects
the ability to work.  20 C.F.R. § 404.1513(d)(1),
§ 416.913(d)(1).

SSR 85-28 (Medical impairments that are not severe) states
the following:

> Great care should be exercised in applying
> the not severe impairment concept. If an
> adjudicator is unable to determine clearly
> the effect of an impairment or combination of
> impairments on the individual's ability to do
> basic work activities, the sequential
> evaluation process should not end with the
> not severe evaluation step. Rather, it should
> be continued.

1985 WL 56856 at *4.  The step two requirement is generally
considered a de minimis screening device to dispose of groundless
claims; thus, reasonable doubts on severity are to be resolved in
favor of the claimant.  Samuel v. Barnhart, 295 F. Supp.2d 926,
952 (E.D. Wis. 2003).

Barbara Harrison, an advanced registered nurse practitioner
(ARNP), conducted a mental evaluation in March 2002 (R. at 1332-
1339).  In her evaluation, she indicated that the Beck Depression
Inventory score of 47 was extremely severe for depression, the
Beck Anxiety Inventory score of 49 was severe for anxiety, and

the Beck Hopelessness Scale score of 19 was severe for hopelessness (R. at 1338).  ARNP Harrison diagnosed plaintiff with major depressive disorder, chronic (R. at 1338).  ARNP Harrison saw the plaintiff for medication reviews in 1997 (R. at 39).

Dr. Schell treated plaintiff from February 1999 through April 2000 (R. at 38).  He opined that plaintiff was markedly limited in 6 out of 20 categories, 5 of which were under the general heading of sustained concentration and persistence (R. at 1511-1512).  Dr. Schell also diagnosed plaintiff with severe or major depression and other mental impairments (R. at 843, 1478, 1488, 1500, 1503).

Dr. Alexander was plaintiff's treating psychiatrist from March 1997 through March 2004 (R. at 1014).  Dr. Alexander found plaintiff markedly limited in 16 of 20 categories (R. at 1011-1012), which she indicates are based on her treatment notes and specific recollections and observations (R. at 1012).  Dr. Alexander opined that plaintiff has marked difficulties maintaining social functioning, and marked difficulties with concentration, persistence, and pace (R. at 1015).  Dr. Alexander diagnosed plaintiff with major depression, chronic (R. at 1014).

In discounting the above opinions, the ALJ relied on two consultative examinations (R. at 39).  The first consultative examiner, Dr. Nostrum, interviewed plaintiff in 1999 on one

9

occasion and did not indicate that he performed any testing (R. at 617-618).  The second consultative examiner, Dr. Boll, interviewed plaintiff in 2000 on one occasion and did not indicate that he performed any testing (R. at 975-978).

At step two, plaintiff has provided reports from a treating psychologist, a treating psychiatrist, and an ARNP who performed tests on the plaintiff and saw the plaintiff for medication reviews.  All three treating professionals indicated that plaintiff had a severe mental impairment.  By contrast, the ALJ relies on two consultative examiners who only saw the plaintiff once and performed no testing.  On remand, the court would remind the defendant that the opinion of an examining physician is generally entitled to less weight than that of a treating physician.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004), and that the step two requirement requires only a "de minimis" showing of medical severity.  Furthermore, the 10th Circuit has long held that findings of a nontreating physician based upon limited contact and examination are of suspect reliability.  McGoffin v. Barnhart, 288 F.3d 1248, 1253 (10th Cir. 2002).  Finally, when considering the evidence, the ALJ must not consider the opinions of the 3 treatment providers in isolation, but they must be examined in light of the entire evidentiary record, including the opinions and assessments of the other treatment providers.  The court is concerned with the

10

necessarily incremental effect of each individual medical report
or opinion by a treatment provider on the aggregate assessment of
the evidentiary record, and, in particular, on the evaluation of
reports and opinions of other treatment providers, and the need
for the ALJ to take this into consideration.   <u>Lackey v. Barnhart</u>,
127 Fed. Appx. 455, 459 (10th Cir. April 5, 2005).

Plaintiff has also raised numerous issues concerning the
analysis of this evidence which must be addressed when this case
is remanded.  One clear error by the ALJ was to discount the
opinion of Dr. Schell because the ALJ believed that Dr. Schell
was attempting to assist the plaintiff in obtaining disability
benefits (R. at 40).  In the case of <u>McGoffin v. Barnhart</u>, 288
F.3d at 1253, the court held as follows:

> Finally, the ALJ rejected Dr. Luc's
> assessment because he felt it signified "a
> certain advocacy posture." App. vol. II, at
> 24. This holding, too, was error. We held
> years ago that an ALJ's assertion that a
> family doctor naturally advocates his
> patient's cause is not a good reason to
> reject his opinion as a treating physician.
> <u>See</u> <u>Frey v. Bowen</u>, 816 F.2d 508, 515 (10th
> Cir.1987). Here, as in <u>Frey</u>, the ALJ's
> rejection of Dr. Luc's assessment on the
> basis of advocacy is a mere "conclusory
> statement" that contradicts our rule on the
> weight to be given the report of a treating
> physician, "without suggesting some
> exceptional basis in the facts of this case."
> <u>Id</u>. Unlike the ALJ, we do not find it
> exceptional that the treatment team for a
> patient in a transitional living program
> assists the patient in making her social
> security disability claim.

The ALJ failed to indicate any exceptional basis in the facts of this case to justify his conclusion.

The ALJ also erred when he discounted ARNP Harrison's opinions and assessment because they were based on plaintiff's subjective allegations (R. at 39).  The practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements.  A psychological opinion need not be based on solely objective tests; those findings may rest either on observed signs and symptoms or on psychological tests.  The ALJ's analysis impermissibly puts him in the position of judging a medical professional on the assessment of medical data.  An ALJ cannot reject an opinion from a treating professional solely for the reason that it was based on a claimant's responses because such rejection impermissibly substitutes the ALJ's judgment for that of the treating professional.  Thomas v. Barnhart, 147 Fed. Appx. 755, 759-760 (10th Cir. Sept. 2, 2005); see Miranda v. Barnhart, 205 Fed. Appx. 638, 641 (10th Cir. Aug. 11, 2005).

Therefore, on remand, the ALJ will be required to properly evaluate all of the evidence pertaining to plaintiff's mental health, and then make new findings at steps two through five, including credibility and RFC findings which accurately reflect the medical and other evidence on this point.

The ALJ discounted a physical RFC assessment of the plaintiff prepared by Dr. Bahadur, a treating physician, because

12

it was not supported by his objective findings or by those of other medical sources (R. at 50).[3]  The ALJ also discounted a physical RFC assessment prepared by Dr. Tran, another treating physician,[4] because it was not supported by his objective findings and was not consistent with the findings of other medical sources (R. at 50-51).  However, a review of their RFC assessments indicates that their assessments are similar.  Thus, the assessment of each treating physician is in fact supported by another treating physician.  Therefore, on remand, the opinions of Drs. Bahadur and Tran must not be considered in isolation, but in light of the fact that both opined that plaintiff could only sit and/or stand/walk for only 5 hours in an 8 hour workday. Finally, it should be remembered that an ALJ may reject a treating physician's assessment or opinion outright only on the basis of contradictory medical evidence.  Robinson, 366 F.3d at 1082; McGoffin, 288 F.3d at 1252.

IT IS THEREFORE RECOMMENDED that defendant's motion be granted, that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth in defendant's motion to remand and for the reasons set forth above.

---

[3]Dr. Bahadur's RFC assessment was prepared on October 22, 1999 (R. at 887-888).

[4]Dr. Tran's RFC assessment was prepared on November 2, 1999 (R. at 657-658).

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on May 10, 2007.

s/John Thomas Reid
JOHN THOMAS REID
United States Magistrate Judge